

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

September 12, 2017

The Honorable Richard E. Glaser
Fannin County Criminal District Attorney
101 East Sam Rayburn Drive, Suite 301
Bonham, Texas 75418

Opinion No. KP-0164

Re: The validity of local stock law elections held under statutes in effect in 1918 (RQ-0154-KP)

Dear Mr. Glaser:

You ask about the validity of local stock law elections held in 1918 under statutes then in effect.[1] You inform us that Fannin County conducted two countywide local stock law elections in 1918 to determine whether certain animals may run at large, one concerning hogs, sheep, and goats, and the other concerning horses, jacks, jennets, and cattle. Request Letter at 1–2. You explain that those elections resulted in the adoption of stock laws to prohibit the specified classes of animals from running at large. *Id.* at 1. You state that you examined the commissioners court minutes concerning these elections and concluded that they complied with the stock law election statutes as they existed at the time of the elections. *Id.* at 1–2. You ask for an attorney general opinion to settle a recurring question asked of your office, "whether Fannin County is currently an open or closed range county." *Id.* at 2.

We begin with the principle that Texas is a free-range state, meaning that it does not recognize a common-law duty requiring owners of livestock to fence in their livestock. *Gibbs v. Jackson*, 990 S.W.2d 745, 747 (Tex. 1999). The Texas Constitution delegates to the Legislature the power to change the free-range rule by enacting statutes for the regulation and fencing of livestock. *Id.* at 748 (citing TEX. CONST. art. XVI, § 23). The Legislature has enacted two kinds of exceptions to the general free-range rule: statutes with statewide application, and statutes authorizing local option stock laws. First, the Legislature enacted a statute with statewide applicability prohibiting an owner or a person who has "responsibility for the control of a horse, mule, donkey, cow, bull, steer, hog, sheep, or goat [to] knowingly permit the animal to traverse or roam at large, unattended, on the right-of-way of a highway." TEX. AGRIC. CODE § 143.102; *see also id.* § 143.101 (defining "highway" to mean "a U.S. highway or a state highway in this state, but . . . not . . . a numbered farm-to-market road"). Second, the Legislature authorized local option stock laws, whereby a county or portion of a county may decide by election whether to adopt a

---

[1]Letter from Honorable Richard E. Glaser, Fannin Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 17, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

law prohibiting owners from allowing certain classes of livestock to run at large in the locality. *See id.* §§ 143.021–.082 (subchapters B through D).

The statutes authorizing local option stock laws date back to 1876, and over the years the Legislature "has repeatedly rewritten the scope of those laws." *Gibbs*, 990 S.W.2d at 748. In 1981, the Legislature enacted the Agriculture Code, consolidating the local option stock law statutes into chapter 143, subchapters B through D, of the Agriculture Code and repealing the prior statutes. *See* Act of May 22, 1981, 67th Leg., R.S., ch. 388, § 1, secs. 143.021–.082, 1981 Tex. Gen. Laws 1012, 1340–50 (the "Act"). You ask whether the Act effectively repealed local stock laws adopted by elections held prior to 1981 under statutes then in effect. Request Letter at 1.

The Legislature enacted the Agriculture Code in 1981 as part of the State's continuing statutory revision program. TEX. AGRIC. CODE § 1.001; Act § 5 at 1489. The Act does not contain its own saving provisions concerning prior law; therefore, the general saving provisions of the Code Construction Act govern the Act adopting the Agriculture Code. *See* TEX. AGRIC. CODE § 1.002 (providing that the Code Construction Act applies to the Agriculture Code); TEX. GOV'T CODE § 311.031 (setting out the general saving provisions); *see also Quick v. City of Austin*, 7 S.W.3d 109, 130 (Tex. 1998) (stating that courts "presume that the general savings clause applies unless a contrary legislative intent is shown by clear expression or necessary implication"). The general saving provisions provide that "the reenactment, revision, amendment, or repeal of a statute does not affect: (1) the prior operation of the statute or any prior action taken under it [or] (2) any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred under it." TEX. GOV'T CODE § 311.031(a)(1)–(2). A local option election that adopts a stock law with respect to a particular class of animal establishes a duty to prevent the specified animals from running at large in the county or area in which the election was held. *See* TEX. AGRIC. CODE §§ 143.024, .074; *see also Rodriguez v. Sandhill Cattle Co.*, 427 S.W.3d 507, 509 (Tex. App.—Amarillo 2014, no pet.). The adoption of a stock law in an election held prior to 1981 involves a "prior action taken under" the prior law, and the duty to restrain certain classes of animals is an "obligation . . . previously acquired, accrued, accorded, or incurred under" the prior law. TEX. GOV'T CODE § 311.031(a)(1)–(2). Nothing in the 1981 recodification indicated a clear expression of legislative intent to repeal local option stock laws. Thus, the 1981 recodification did not repeal stock laws establishing the free-range status of certain animals pursuant to a local option election conducted prior to 1981 under the statutes then in effect.

You next ask whether "the local stock law elections held under the predecessor statutes constitute adoption of the corresponding subchapters under the current Agriculture Code." Request Letter at 1. Currently, subchapter B authorizes a local option election to determine whether "horses, mules, jacks, jennets, donkeys, hogs, sheep, or goats are to be permitted to run at large in the county or area." TEX. AGRIC. CODE §§ 143.021(a), .023. If a majority votes against the proposition, "subchapter [B] is adopted," and thereafter "a person may not permit any animal of the class mentioned in the proclamation to run at large in the county or area in which the election was held." *Id.* § 143.024(a). Subchapter D authorizes a local option election to adopt a stock law prohibiting the running at large of cattle or domestic turkeys. *Id.* §§ 143.071(a)–(b), .073. If a majority votes for the proposition, "subchapter [D] is adopted" and "a person may not permit any animal of the class mentioned in the proclamation to run at large in the county or area in which the election was held." *Id.* § 143.074. You explain that because chapter 143 of the Agriculture Code

did not exist prior to 1981, you are uncertain how to give effect to chapter 143's references to chapters and subchapters of the current law. *See* Request Letter at 1–2. In essence, you ask whether the current provisions of chapter 143 apply in a county that adopted a stock law prior to the adoption of the Agriculture Code. *See id.*

The Legislature adopted the Agriculture Code to make "agriculture law more accessible and understandable, by . . . rearranging the statutes into a more logical order," and "employing a [new] format and numbering system," without changing the substance of the law. TEX. AGRIC. CODE § 1.001(a), (b)(1)–(2). To that end, the Legislature repealed the prior statutes governing local option laws and placed their substance into chapter 143, subchapters (B), (C), or (D) according to the class of animal. *See* Act § 1, secs. 143.021–.082 at 1340–50. Thus, a reference to a subchapter merely identifies the location of the applicable substantive law. *See, e.g.,* TEX. AGRIC. CODE § 143.024(b) (stating that certain provisions of subchapter B "apply only in the county or area in which this subchapter has been adopted"); *id.* § 143.074(b) (stating that certain provisions of subchapter D "apply only in a county or area in which this subchapter has been adopted"). A local option stock election, regardless of when it occurred, establishes the duty to prevent specified animals from roaming free in the locality, but the current provisions of chapter 143 govern the scope and application of such a duty. *See Harlow v. Hayes*, 991 S.W.2d 24, 27 (Tex. App.—Amarillo 1998, pet. denied) (reviewing "the portions of Chapter 143 still in effect" to determine the scope of the duty to prevent horses from running at large pursuant to a 1935 election adopting a stock law). Accordingly, in a county that adopted a local stock law pursuant to an election occurring prior to 1981, the current provisions of chapter 143 govern the duty to prevent the class of animal specified in the election from roaming free in the locality.

## S U M M A R Y

The 1981 codification of chapter 143 of the Agriculture Code did not repeal stock laws establishing the free-range status of certain animals pursuant to a local option election conducted prior to 1981 under the statutes then in effect. In a county that adopted a local option stock law prior to 1981, the current provisions of chapter 143 govern the duty to prevent the class of animal specified in the local option stock law from roaming free in the locality.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee